IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CYTEC INDUSTRIES, INC, a**
**Delaware corporation,**

        **Plaintiff,**

**v.** // **CIVIL ACTION NO. 1:08CV218**
                                      **(Judge Keeley)**

**JOSEPH P. POWELL,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER**
**DISMISSING THE CASE WITHOUT PREJUDICE**

On March 6, 2009, the defendant in this case, Joseph Powell ("Powell"), filed a "Motion to Abstain," in which he requested that the Court dismiss this action for lack of jurisdiction, or, alternatively, abstain from hearing the case. For the reasons that follow, the Court **DISMISSES** the case **WITHOUT PREJUDICE** because a necessary and indispensable party to the action has not been joined, and her joinder would destroy the Court's diversity jurisdiction.

**I. FACTS AND PROCEDURAL HISTORY**

Powell was employed by the plaintiff, Cytec Industries, Inc. ("Cytec"), for nearly fourteen years, most recently as a Site Operations Supervisor at Cytec's Willow Island facility. He alleges

that, although he received positive evaluations and was promoted throughout the years, on August 29, 2008, Cytec sent him a letter terminating him effective August 31, 2008.

Following his termination, Powell sued Cytec and his direct supervisor, Amy Mather ("Mather"), on November 6, 2008, in the Circuit Court of Wood County, West Virginia. His lawsuit alleges that Cytec and Mather violated his rights under the West Virginia Human Rights Act, W.Va. Code § 5-11-1 et seq. ("WVHRA"), West Virginia public policy protecting whistle blowers, and that the method of his termination violated the West Virginia Wage Payment and Collection Act, W.Va. Code § 21-5a-4.

On December 10, 2008, Cytec filed this lawsuit against Powell seeking to compel arbitration of Powell's Wood County case pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. ("FAA"). Cytec is incorporated in Delaware and has its principal place of business in New Jersey; Powell is a West Virginia resident. Cytec therefore asserts that this Court has jurisdiction under 28 U.S.C. § 1332, because the parties to the suit are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. Notably, however, Mather, who also is a citizen of West Virginia, is not a party to Cytec's suit.

**CYTEC INDUSTRIES v. POWELL**                                              **1:08CV218**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE CASE WITHOUT PREJUDICE

As a basis to compel arbitration, Cytec asserts that, on August 8, 2005, Powell and Cytec entered into an employment agreement providing that all disputes arising out of or relating to their employment relationship, their written agreement, or any breach thereof, be arbitrated. Cytec asserts that Powell violated this arbitration provision when he filed suit in Wood County. It stipulates that it will pay the costs of arbitration and "waive any and all provisions of the agreement to arbitrate that would require Powell to waive any substantive legal rights, including, but not limited to, any right to receive punitive damages." Complaint, ¶¶ 15 & 16. Thus, Cytec requests that this Court uphold the existence and validity of its arbitration agreement, order Powell to refrain from prosecuting his Wood County case, and direct him to pursue all of his claims through arbitration.

Initially, Powell moved to dismiss Cytec's complaint based upon the Rooker-Feldman doctrine.[1] Later, he conceded the

---

[1] Under the doctrine established by the United States Supreme Court in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)and District of Columbia Court of Appeals v. Feldman, 460 U.S. 432 (1983), commonly know as the Rooker-Feldman doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." Feldman, 460 U.S. at 482. In Exxon Mobile Corporation v. Saudi Basic Industries Corporation, 544 U.S. 280, 281 (2005), the Supreme Court clarified that the Rooker-Feldman doctrine is limited to cases "brought by

inapplicability of that doctrine and filed the pending Motion to Abstain, contending that the Court should dismiss the case because Cytec seeks to compel arbitration, not only of Powell's claims against it but also of his claims against Mather. He argues that Mather's absence as a plaintiff in the federal suit violates Owens-Illinois, Inc. v. Meade, 186 F.3d 435 (4th Cir. 1999), which affirmed the dismissal of a case based on the failure to join a necessary and indispensable, non-diverse party.

Alternatively, Powell argues that, given the pendency of his state court action, the Court should abstain from hearing Cytec's case, either under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), or Younger v. Harris, 401 U.S. 37 (1971). Following Cytec's response to his motion, Powell added the argument that the recent decision of the United States Supreme Court in Vaden v. Discover Bank, et al., --- U.S. ----, 129 S. Ct. 1262 (2009), also compels dismissal. Powell asserted that Vaden requires the Court to "look through" the federal complaint to

---

state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Thus, as Powell now concedes, the Rooker-Feldman doctrine is inapplicable in this case, where the Wood County action has not yet concluded.

compel arbitration to the underlying state court case in order to determine whether jurisdiction exists. Although Cytec did not respond in writing to this argument, it addressed <u>Vaden</u>'s impact on the case during oral argument.

## II. ANALYSIS

### A.

Before determining whether it should abstain under <u>Colorado River</u> or <u>Younger</u>, the Court first must determine whether it possesses jurisdiction to hear this case.

Cytec's cause of action arises under Section 4 of the FAA, which "confers jurisdiction in the district court over petitions to compel arbitration only to the extent that the federal court would otherwise have jurisdiction over the case." <u>Owens-Illinois</u>, 186 F.3d at 439. Thus, a party seeking to initiate a suit to compel arbitration must establish an independent basis for jurisdiction.

As already noted, Cytec cites 28 U.S.C. § 1332 as the basis for jurisdiction. Cytec is incorporated in Delaware and has its principal place of business in New Jersey, while Powell is a citizen of West Virginia. Before filing this suit, Cytec had been unable to remove Powell's Wood County case because Mather, who is

5

properly joined as a defendant in that action, is a citizen of West Virginia whose presence destroys diversity.

Powell does not contest that there is complete diversity between him and Cytec; rather, he focuses on Mather, contending she is a necessary and indispensable party who must be joined. And, because her joinder would destroy diversity among the parties, he argues that the Court must dismiss Cytec's complaint.

**B.**

Rule 19 of the Federal Rules of Civil Procedure ("Rule 19") provides that a federal court has jurisdiction over persons who are subject to service of process and whose joinder will not destroy jurisdiction. Nevertheless, where a non-party is both "necessary" and "indispensable," the Court must join the party, even if such joinder would destroy jurisdiction. Id. When that occurs, the suit must be dismissed. See Owens-Illinois, 186 F.3d at 442.

To aid a court in making such determination, Rule 19 sets out a two-step inquiry. First, pursuant to Rule 19(a), a court must determine whether the party is "necessary" to the action, "because of its relationship to the matter under consideration." Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 917-18 (4th Cir. 1999). If the court concludes that the party is

6

necessary, but joinder of the party will destroy jurisdiction, it must then proceed to the second step and consider whether the party is "indispensable" pursuant to Rule 19(b). Specifically, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

Dismissal for failure to join a necessary and indispensable party should be ordered "only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." Owens-Illinois, 186 F.3d at 441. "Such decision must be made pragmatically, in the context of the substance of each case, rather than by procedural formula, by considering the practical potential for prejudice to all parties, including those not before it." Id. (internal quotations omitted). The party urging such joinder bears the burden of showing that an absent party is needed for a just adjudication. Am. Gen. Life and Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005).

**1. Mather is a Necessary Party**

A party is "necessary" to an action if (1) in that person's absence, complete relief cannot be afforded among the existing parties; or (2) "that person claims an interest relating to the

7

subject of the action and is so situated that disposing of the action in the person's absence . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

Both in the memorandum supporting his motion and also during oral argument, Powell has contended that Mather is a necessary party to this action because the underlying case turns on her actions as his manager. By way of example, Powell points out that, in his state court complaint, he alleges that, after reporting safety violations to Mather, he received the first negative performance evaluation of his career. He further asserts that she terminated him under circumstances giving rise to an inference of unlawful retaliation. (Dkt. No. 8-02). Thus, at least one of Powell's state law claims clearly turns on Mather's involvement in his termination.

In addition, Powell notes that, although Mather did not join in Cytec's federal suit, her Answer in his state case asserts the affirmative defense that "[p]laintiff's claims in this matter are subject to binding arbitration." (Dkt. No. 12, p. 3 n. 3). Finally, he asserts that Cytec not only seeks to compel arbitration

of Powell's claims, but also requests that the Court "[o]rder Powell to refrain from prosecuting his pending lawsuit in the Circuit Court of Wood County as it is in violation of the arbitration agreement." (Dkt. No. 3, p. 4). According to Powell, the relief Cytec seeks in this case includes an order compelling him to arbitrate his claims against Mather, even though she is not a named party in the case.

Cytec denies that Mather has claimed any interest in the federal action and, thus, contends that her joinder is not "necessary" under Rule 19(a). It relies on <u>American General Life and Accident Insurance Company v. Wood</u>, 429 F.3d 83 (4th Cir. 2005), in which the Fourth Circuit affirmed a district court's decision that a non-diverse state court defendant was not a necessary and indispensable party to a federal court petition to compel arbitration.

In that case, an employee sued both his employer and manager in state court, alleging sex discrimination under the WVHRA as well as state wage law violations. <u>Id.</u> at 86. Like Cytec, the employer filed suit in federal court seeking, under the FAA, to compel arbitration of the employee's state court claims. <u>Id.</u> The manager did not join in the federal suit because his presence would have

9

destroyed diversity, the basis for jurisdiction in that case. Id. at 92.

In determining whether the manager was a necessary party to the federal suit, the district court found that the employee had failed to proffer any explanation as to why he could not obtain complete relief against the employer without the manager's presence. Id. It noted that the manager's "potential liability under the Human Rights Act was separate and apart from that of [the employer]." Id. In addition, because the manager had not claimed an interest in the federal suit, joinder was not required. Id.

In this case, Powell has failed to show that, absent Mather, the parties cannot obtain complete relief in the federal suit. His state law claims under the WVHRA provide a separate basis for liability against Mather, as do his claims arising under West Virginia public policy. Consequently, Powell is free to litigate those claims against Mather in state court while simultaneously arbitrating against Cytec. He therefore has failed to establish that he cannot obtain complete relief in Mather's absence.

Whether Mather is a necessary party to this action because she has claimed an interest relating to the subject of the action is an entirely different question, however. Although she has not been

10

joined in the federal suit, Mather did assert the affirmative defense of arbitration in the Wood County case; consequently, she has asserted an interest in the subject matter of the federal action. Moreover, Mather could attempt to compel arbitration of Powell's claims in state court, which would then place Powell at substantial risk of incurring inconsistent obligations. See Fed. R. Civ. P. 19(a)(1)(B). The Court therefore concludes that Mather is a necessary party to this federal action.

**2. Mather is an Indispensable Party**

For similar reasons, Mather is also an indispensable party to the litigation, who must be joined in the action. In determining whether a party is "indispensable," the Court must consider the following four (4) factors: (1) the extent to which a judgment rendered in its absence might prejudice that party or existing parties; (2) the extent to which that prejudice could be avoided or lessened through a remedy fashioned by the court; (3) whether the judgment would be adequate in the party's absence; and (4) whether the plaintiff would have an adequate remedy if the action is dismissed for non-joinder. Id. at Rule 19(b).

In Owens-Illinois, the Fourth Circuit noted that factors one and three "address much the same concerns as under the Rule

19(a)(2) analysis," specifically, "the high potential for factual and legal whipsawing." 186 F.3d at 441. Here, a "high potential for legal whipsawing" exists if Powell is forced to pursue his claims against Mather in state court, while those same claims against Cytec potentially become subject to arbitration. Moreover, if Mather continues to assert the arbitration agreement as an affirmative defense in state court, both she and Cytec conceivably could obtain conflicting decisions regarding that agreement's legality. Consequently, factors one and three support a finding that Mather is also an "indispensable" party.

As to the second factor, no remedy fashioned by the Court would lessen, or avoid altogether, the prejudice Powell would face due to Mather's absence from the case. Moreover, the fourth factor, whether Cytec will have an adequate remedy if this case is dismissed, clearly weighs in Powell's favor as it is undisputed that state courts have the same authority to compel arbitration under the FAA as do federal courts.

All four factors, thus, weigh in favor of finding that Mather is an indispensable party. The Court therefore concludes that she is both a necessary and indispensable party subject to required joinder under Rule 19(b).

Because Mather's joinder destroys complete diversity between the parties, the Court lacks jurisdiction to hear this matter. Moreover, based on its finding that Mather is a necessary and indispensable party, the Court need not address Powell's argument regarding the applicability of the Supreme Court's recent decision in Vaden.[2]

---

[2] It is this Court's view, however, that were it to reach the question, Vaden would counsel against a finding of jurisdiction in this case. In Vaden, the Supreme Court addressed the jurisdiction of federal courts to hear motions to compel arbitration under the FAA. After noting that Section 4 of the FAA requires that a court have independent subject matter jurisdiction over suits "arising out of the controversy between the parties," the Supreme Court clarified that the "controversy" referenced in the Act is "the parties' underlying substantive controversy." Id. at 1273. Thus, district courts attempting to determine whether they have jurisdiction over a case to compel arbitration must "look through" the case arising under Section 4 of the FAA to the underlying controversy, which often will be a state court case. Id.

In Vaden, in concluding that jurisdiction should rest on the underlying substantive controversy, the Supreme Court stated that "[a]rtful dodges by a § 4 petitioner should not divert us from recognizing the actual dimensions of that controversy." Id. at 1276. It further opined that Section 4 of the FAA **"**does not give § 4 petitioners license to recharacterize an existing controversy, or manufacture a new controversy, in an effort to obtain a federal court's aid in compelling arbitration.**"** Id.

In contrast to Vaden, where jurisdiction was based on federal question jurisdiction, jurisdiction in the instant case is based on diversity of citizenship. Nevertheless, the reasoning in Vaden appears equally applicable to cases resting on alleged diversity jurisdiction, where no diversity exists in the underlying substantive action. In this case, neither party disputes that, in the underlying Wood County suit, Powell properly pled state law

### III. CONCLUSION

For the reasons discussed, the Court **GRANTS** Powell's motion (dkt. no. 11), **DISMISSES** the case **WITHOUT PREJUDICE** and **ORDERS** that it be stricken from the Court's docket.

Pursuant to Federal Rule of Civil Procedure 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record.

DATED: June 19, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

claims involving non-diverse parties. Thus, were the Court to "look through" to the underlying substantive controversy, there would be no basis for federal jurisdiction.

Finally, even if the Court could conclude that it possessed jurisdiction in this case, the circumstances involved would clearly counsel in favor of abstention under Colorado River.